**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

MATTHEW ROSS, on behalf of
himself and others similarly situated,

Plaintiff,

Civil Action No.: 5:26-cv-10

v.

QUEEN TRANSPORTATION, LLC,

Defendant.

---

## COMPLAINT AND JURY DEMAND

Matthew Ross, on behalf of himself and a class of those similarly situated, by way of Complaint against Queen Transportation, LLC, by and through his legal counsel, alleges as follows:

## NATURE OF ACTION

1. This is a civil action for the collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 et seq. ("the WARN Act" or "WARN"). Plaintiff was an employee of Defendant until he was terminated as part of, or as a result of a plant closing ordered by Defendant. Defendant employs over 100 employees and is liable under the WARN Act for the failure to provide Plaintiff and the other similarly situated former employees at least 60 days advance written notice of termination, as required by the WARN Act. In addition, Plaintiff and Class Members

bring claims for violations of North Carolina Wage and Hour Act and Fair Labor Standards Act for failure to pay wages due.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

3. The violation of the WARN Act alleged herein occurred in this District and more particularly in Hickory, North Carolina. Venue in this Court is proper pursuant to 28 U.S.C. § 2104(a)(5).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts as Plaintiff's federal claims.

**THE PARTIES**

5. Upon information and belief, Defendant was, at all relevant times to this action, a North Carolina limited liability company which maintained facilities throughout North Carolina.

6. At all relevant times to this action, Plaintiff was an employee who was employed by Defendant and worked at 2349 13th Ave SW, Hickory, NC 28602 until his termination on December 25, 2025.

7. On or about December 25, 2025, Defendant ordered the termination of Plaintiff's employment together with the termination of all of its workforce, totaling over 100 employees, in a mass layoff and/or plant closing as defined by the WARN Act, for which they were entitled to receive 60 days' advance written notice under the WARN Act.

8. At or about the time Plaintiff was terminated, Defendant ordered the termination of other similarly situated employees who worked at or reported to 2349 13th Ave SW, Hickory, NC 28602 ("Other Similarly Situated Employees").

**CLASS ALLEGATIONS- 29 U.S.C. § 2104(a)(5)**

9. Pursuant to 29 U.S.C. § 2104(a)(5), Plaintiff maintains this action on behalf of himself and on behalf of each of the Other Similarly Situated Employees.

10. Each of the Other Similarly Situated Former Employees is similarly situated to Plaintiff in respect to his or her rights under the WARN Act.

11. Defendant was required by the WARN Act to give Plaintiff and the Other Similarly Situated Employees at least 60 days' advance written notice prior to their terminations.

12. Prior to their terminations, neither Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

13. Defendant failed to pay Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits. In addition, Defendant failed to pay Plaintiff and the Other Similarly Situated Employees their final wages due and earned Paid Time Off to the extent required by Defendant's policies and applicable law.

**CLASS ALLEGATIONS RULE 23(a) AND (b)**

14. Plaintiff brings this action on his own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the other employees who worked at 2349 13th Ave SW, Hickory, NC 28602 and were terminated as part of a mass layoff and/or plant closing ordered by Defendant on or about December 25, 2025 ("the Class").

15. The person in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

16. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

17. The claims of the representative party are typical of the claims of the Class.

18. The representative party will fairly and adequately protect the interests of the Class.

19. Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where an individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

21. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of Defendant who worked at or reported to the facility;

(b) Whether Defendant terminated the employment of the Class Members as part of a mass layoff and/or plant closing without cause on their part and without giving them 60 days' advance written notice;

(c) Whether Defendant may rely on the WARN Act's "unforeseeable business circumstances" or "faltering company" defense;

(d) Whether Defendant's failure to provide 60 days' notice should render it liable to the Class Members for 60 days' pay and benefits.

## PLAINTIFF'S FACTUAL ALLEGATIONS

22. Plaintiff Matthew Ross was hired by Defendant on December 6, 2022 as a Diesel Mechanic.

23. At the time of his termination, Plaintiff Ross earned $32.00 per hour and regularly worked 40 or more hours each workweek.

24. On December 25, 2025, Defendant notified Plaintiff Ross that he was laid off/terminated from his position.

25. Defendant closed the company and ceased operations on December 25, 2025, the same day that Plaintiff (and the Class Members) were notified of their termination of employment.

26. Plaintiff Ross did not have prior notice of his termination or the company's closing.

27. Plaintiff Ross did not receive pay beyond his date of termination, and is still owed payment for his last week's wages.

## FIRST CLAIM FOR RELIEF
**Violation of WARN**

28. Plaintiff realleges and incorporates by reference the preceding paragraphs.

29. At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act.

30. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of WARN and 20 CFR § 639.3(a).

31. On or about December 25, 2025, Defendant ordered a "mass layoff" and/or "plant closing" at its location, as defined by 29 U.S.C. 2101(a)(2) and/or (3).

32. Plaintiff and the Class Members who were terminated by Defendant as a result of Defendant ordering a mass layoff and/or plant closing on or about December 25, 2025 were "affected employees" as defined by 29 USC 2101(a)(5) of the WARN Act.

33. The mass layoff and/or plant closing resulted in "employment losses," as that term is defined by the WARN Act for more than fifty employees and substantially all of Defendant's workforce.

34. Plaintiff and each of the Class Members are "aggrieved employees" of Defendant as that term is defined in 29 USC 2104(a)(7).

35. Pursuant to Section 2102 of WARN and 20 CFR 639.1-639.10 et seq, Defendant was required to provide at least 60 days' prior written notice of the terminations.

36. Defendant failed to provide at least sixty (60) days' prior notice to the Class Members of their terminations.

37. Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 calendar days following their respective terminations.

38. Additionally, Defendant failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

39. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Plaintiff and each Class Member were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

**SECOND CLAIM FOR RELIEF**
**Violation of North Carolina Wage and Hour Act**

40. Plaintiff incorporates by reference the preceding paragraphs.

41. Defendant is an "employer" and Plaintiff and Class Members are "employees" as those terms are defined under the North Carolina Wage and Hour Act, N.C.G.S. § 95-25-2, *et seq*.

42. Defendant agreed to provide certain wages to Plaintiff and Class Members as consideration for their employment. However, Defendant failed to pay Plaintiff and Class Members all wages due and there remains outstanding the payment of the final week's wages and earned Paid Time Off to the extent required by Defendant's policies and applicable law.

43. Defendant's failure to provide compensation due and the payment of the earned Paid Time Off was willful.

44. Plaintiff and Class Members have sustained damages by way of lost wages, wage benefits, costs, interest, and attorney fees. In addition, because Defendant's actions were willful Plaintiff is entitled to liquidated damages.

**THIRD CLAIM FOR RELIEF**
**Violation of Fair Labor Standards Act**

45. Plaintiff incorporates by reference the preceding paragraphs.

46. Defendant is an "employer" and Plaintiff and Class Members are "employees" as those terms are defined under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

47. Defendant agreed to provide certain wages to Plaintiff and Class Members as consideration for their employment. However, Defendant failed to pay Plaintiff and Class Members all wages due and there remains outstanding the payment of the final week's wages and earned Paid Time Off to the extent required by Defendant's policies and applicable law.

48. Defendant's failure to provide compensation due and the payment of the earned Paid Time Off was willful.

49. Plaintiff and Class Members have sustained damages by way of lost wages, wage benefits, costs, interest, and attorney fees. In addition, because Defendant's actions were willful Plaintiff is entitled to liquidated damages.

50. Plaintiff brings his Fair Labor Standards Act claims pursuant to 29 U.S.C. § 216(b) on behalf of himself and other similarly situated current and former employees of Defendant who were not paid all wages due at termination.

51. Plaintiff and the similarly situated employees were subject to a common policy, practice, or plan whereby Defendant failed to pay earned wages at the time of separation.

52. Plaintiff and the similarly situated employees are similarly situated in that they were employed by Defendant, were subject to the same pay practices, and suffered similar violations of the Fair Labor Standards Act.

53. Plaintiff seeks conditional certification of this collective action, issuance of notice to similarly situated employees, and the opportunity for such employees to opt in pursuant to 29 U.S.C. § 216(b).

**Wherefore,** Plaintiff and Class Members demand judgment against Defendant as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension, and 401(k) contributions, health insurance premiums, and other ERISA benefits that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, for sixty (60) calendar days following the Plaintiff and Class Members' termination, all determined in accordance with the WARN Act;

b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiff and the Class Members constitute a single class;

c. Interest as allowed by law on the amounts owed under the preceding paragraphs;

d. Appointment of the undesigned attorney as Class Counsel;

e. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation for his services as such;

f. The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 USC 2104(a)(6); and

g. Such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff is entitled to try his case to a jury of his peers, and Plaintiff hereby demands the same.

Date: January 16, 2026

Respectfully submitted,

By: *<u>/s/ Michael Harman</u>*
Michael Harman, NCSB # 43802
Attorney for Plaintiff
Harman Law, PLLC
10224 Hickorywood Hill Ave, Ste 202
Huntersville, NC 28078
Telephone: (704) 885-5550
Facsimile: (704) 885-5551
E-mail: michael@harmanlawnc.com